

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2005

# Bailey-El v. Fairton FCI

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1995

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Bailey-El v. Fairton FCI" (2005). *2005 Decisions.* Paper 636.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/636

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-287                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1995
_____

RONALD GEORGE BAILEY-EL,
Appellant

v.

FAIRTON FEDERAL CORRECTIONAL INSTITUTION;
KIM WHITE, WARDEN;
KATHLEEN HAWK-SAWYER,
Director of the Federal Bureau of Prisons;
HARRELL WATTS,
National Administrative Remedy Coordinator
for the Federal Bureau of Prisons;
MICKEY E. RAY, Northeast Regional Director
of the Federal Bureau of Prisons;
STEVEN PHYSHER, Disciplinary Hearing Officer;
KIMBERLY HALL, Unit Manager;
TERRI STOVER, Case Manager;
S. IRVING, Associate Warden;
CHRISTY WHITAKER, Case Manager;
DUANE BROWN, Inmate Systems Manager;
FERNANDO MESSNER, Inmate Systems Manager;
P. HOGAN, Mailroom Clerk; C. WALKER, Mailroom Clerk;
C. RIDGEWAY, Mailroom Clerk; D. MCCABE, Mailroom Clerk;
S. CORREA, Mailroom Clerk; E. ILLAN, Mailroom Clerk;
G. BERMAN, Mailroom Clerk; TYRONE REYNOLDS, Associate Warden;
H. TORRES; FEDERAL BUREAU OF PRISONS;
PRISON INDUSTRIES, INC., a/k/a UNICOR;
THOMAS E. WASHBURN, Regional Designator;
FEDERAL BUREAU OF PRISONS, GENERAL COUNSEL;
KATHRYN SMALLWOOD,
Acting National Inmate Appeals Coordinator;
D. LUMKOMSKI, Case Manager; DEBORAH KUHN, Counselor;
MAILROOM CLERKS, All employed at FCI Fairton
from 8/25/2000 until November 6, 2002,
to be named during discovery;

INMATE SYSTEMS MANAGERS, All employed at FCI Fairton
from 8/25/2000 until November 6, 2002;
ASSISTANT INMATE MANAGERS, All employed at
FCI Fairton from 8/25/2000 until November 6, 2002;
M. FIGUROA, Lieutenant;
TYRONNE REYNOLDS, Associate Warden of Education;
PATTI KITKA, Assistant Inmate Systems Manager;
JULIE SMITH, Chief of Psychology;
DR. CLAUDE DENNERY, Psychologist; DR. BRIAN RENANDO, Psychologist;
DR. BARBARA FLAXINGTON, Psychologist; DR. USELDING, Psychologist

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-00876)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 23, 2005

Before: ROTH, BARRY AND SMITH, <u>CIRCUIT JUDGES</u>

(Filed :  August 30, 2005)

_____

OPINION
_____

**PER CURIAM**.

Ronald George Bailey-El, currently a federal inmate in Virginia, filed this action

based upon events that occurred while he was incarcerated at FCI-Fairton in New Jersey.

In his Third Amended Complaint, Bailey-El alleged that the defendants, the majority of

whom were prison employees, (1) denied him access to the courts by, <u>inter</u> <u>alia</u>, opening,

2

inspecting, and reading his legal mail, destroying his legal documents, and denying him telephone access; (2) violated his due process and Eighth Amendment rights by placing him in a cell with two other inmates, despite his purported disability; (3) violated his due process rights relating to numerous prison disciplinary procedures; and (4) violated the Privacy Act, 5 U.S.C. §§ 552a(e)(5), (g)(1)(c), (g)(4), based upon a purported retaliatory transfer from FCI-Fairton to Virginia.[1] Bailey-El sought damages.

The defendants all filed motions to dismiss the Third Amended Complaint or for summary judgment. The District Court found that as to Bailey-El's allegations that he was denied telephone access and his legal papers were destroyed, he did not show how he was injured as a result of the defendants' purported actions. The District Court also found that prison staff complied with prison procedures in opening Bailey-El's legal mail. The court found that Bailey-El's placement in a cell with two other inmates did not violate the Eighth Amendment or substantive due process. Finally, the District Court found that Bailey-El did not exhaust administrative remedies concerning his Privacy Act claim. Therefore, the District Court granted the defendants' motion to dismiss or for summary judgment, and dismissed the suit with prejudice.

Bailey-El timely filed this appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Bailey-El has been granted leave to proceed in forma pauperis on appeal.

---

[1] Because the background and specific allegations raised in Bailey-El's Third Amended Complaint were fully and accurately set forth by the District Court, we have merely summarized that information here.

When an appellant proceeds in forma pauperis, this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After a careful review of the record, we will dismiss this appeal as frivolous, as Bailey-El's claims lack merit for the reasons fully explained in the District Court's comprehensive February 17, 2005, Opinion. We note only the following regarding Bailey-El's claim that he was denied access to the courts by virtue of prison officials opening his legal mail. The District Court was correct that the three envelopes Bailey-El submitted in support of this claim did not qualify as "Special Mail" to be opened only in Bailey-El's presence. With regard to the letter from Bailey-El's counsel, the envelope provided the name of the law firm, but failed to identify the attorney-sender by name. Therefore, the District Court properly concluded that it was not adequately marked to qualify as "Special Mail." See 28 C.F.R. § 540.19(b); Bagguley v. Barr, 893 F. Supp. 967, 972 (D. Kan. 1995) (explaining that "envelopes which do not identify a specific attorney as the sender do not qualify as special mail"). In any event, Bailey-El's unsupported and conclusory allegations that the defendants' actions "chilled" his speech and caused him to abandon a criminal appeal are insufficient to establish that he was actually injured. See Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997) (inmate must show actual injury, such as the loss or rejection of a legal claim); see also Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999) (holding that inmate who does not explain how

4

defendants impaired access to the courts or describe contents of the letter did not show actual injury). On this record, the District Court properly rejected Bailey-El's access-to-the-courts claim.

In conclusion, because Bailey-El's appeal of the dismissal of his claims lacks arguable merit in fact or law, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).